**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | **8:04CR231** |
| vs.     ) | |
| ) | **ORDER** |
| **RICHARD ZAVALA,**     ) | |
| ) | |
| **Defendant.**     ) | |

This matter is before the court on the government's Motion [14] to set the case for trial on a date before April 16, 2008.

The defendant was indicted on April 22, 2004 in the District of Nebraska and a warrant was issued for his arrest. Defendant was arrested in California on January 23, 2008 pursuant to the Nebraska warrant. He appeared before the magistrate judge in the Central District of California on January 23, 2008 pursuant to Fed. R. Crim. P. 5(a)(3) and was ordered removed to the District of Nebraska. The defendant arrived in Nebraska on or about March 10, 2008.

The motion alleges that the time necessary for transporting the defendant from another district tolls the Speedy Trial Act; however, any time in excess of 10 days for that transportation is presumed to be unreasonable. *See* 18 U.S.C. § 3161(h)(1)(H). In this case, it is argued that the 70-day period within which to commence trial began to run on February 6, 2008, which is 10 business days after the removal order was entered.

The court finds that this issue is governed by 18 U.S.C. § 3161(c)(1), which provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, ***or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending***, whichever date last occurs.

(Emphasis added). The charges in the indictment were not pending in the Central District of California, and the defendant did not appear before a judicial officer of this court until January 23, 2008. The speedy trial clock did not begin to run until the defendant made his

initial appearance in this court, and the 10-day tolling limitation does not apply under these circumstances.

For these reasons,

**IT IS ORDERED** that the government's Motion [14] to set the case for trial on a date before April 16, 2008 is denied. A final trial date will be set in accordance with the Speedy Trial Act after April 2, 2008 or after the resolution of any substantive pretrial motions, whichever is later.

Pursuant to NECrimR 57.2, a party may appeal this order by filing an "Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal. *See* NECrimR 57.2(d).

**DATED March 18, 2008.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**