IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR231 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | TENTATIVE FINDINGS |
| RICHARD ZAVALA, | ) ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections (Filing No. 42), and the government's statement/objections (Filing No. 43). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

### ¶¶ *15, 22 - Base Offense Level*

The plea agreement states that the Defendant should be held responsible for at least 500 grams but less than 1.5 kilograms of a mixture or substance containing methamphetamine, resulting in base offense level 32. (Filing No. 37, ¶ 8a.) The PSR places the Defendant in base offense level 34 based on a higher drug quantity. The Court intends to uphold the plea agreement and grant both parties' objections to ¶¶ 15 and 22 of the PSR.

The Defendant's objections to statements in ¶¶ 8-12 regarding this issue are denied, as the Court is not at liberty to change the government's version of the offense.

### *Defendant's Additional Objections*

The Defendant objects to the gun enhancement in ¶ 23. The objection will be heard at sentencing, and the government has the burden by a preponderance of the evidence.

The Defendant's objection to the lack of a downward adjustment for the safety valve in ¶ 23 will be heard if the Defendant succeeds in proving that he is not entitled to the gun enhancement, U.S.S.G. § 2D1.1(b)(1).  If the safety valve issue is heard, the Defendant has the burden by a preponderance of the evidence.

***Government's Additional Objections***

Given the Defendant's position with respect to the application of the gun enhancement, the government objects to the 3-level award for acceptance of responsibility in ¶ 29.  The Defendant has the burden of proof by a preponderance of the evidence.

The government potentially objects to the lack of an adjustment for obstruction of justice in ¶ 26, depending on the Defendant's evidence.  If this issue is heard, the government has the burden of proof by a preponderance of the evidence.

IT IS ORDERED:

1. The Defendant's Objection to ¶¶ 15 and 22 (base offense level) of the Psr (Filing No. 42) is granted;

2. The Defendant's objections to ¶¶ 8-12 of the PSR are denied;

3. Otherwise, the Defendant's objections will be heard at sentencing;

4. The government's objections to ¶¶ 15 and 22 (Filing No. 43) are granted;

5. Otherwise, the government's objections (Filing No. 43) will be heard at sentencing;

6. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

7. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

8. Absent submission of the information required by paragraph 7 of this Order, my tentative findings may become final;

9. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

10. If these issues are not settled between the parties and they need more than 30 minutes for sentencing, they must immediately contact Edward Champion and reschedule the hearing.

DATED this 14th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge